IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GERARDO JUAREZ-LOZANO,**

        **Petitioner,**

        v.                         CASE NO. 09-3220-RDR

**CLAUDE CHESTER,**
**Warden, et al.,**

        **Respondents.**

## O R D E R

This matter is before the court upon petitioner's Motion to Alter and Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 8). Petitioner has also filed a Notice of Appeal (Doc. 5) [1], and Motion to Proceed Without Prepayment of Fees (Doc. 6). Having considered these matters, the court finds as follows.

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995); Renfro v. City of Emporia, Kansas, 732 F.Supp. 1116, 1117 (D.Kan. 1990, a'ff'd 948 F.2d 1529 (10th Cir. 1991).

---

[1] Since Mr. Juarez-Lozano is not a state prisoner, this court does not issue a ruling as to a certificate of appealability.

Here, petitioner does not allege either an intervening change in controlling law or the availability of new evidence. Instead, he appears to argue that the court committed clear error in ruling it lacked jurisdiction under 28 U.S.C. § 2241 to consider his claim that his federal criminal conviction must be overturned for failure to inform him of rights under the Vienna Convention. He maintains that this particular claim was properly filed "under § 2241 (c)(2)(3)(4)", and that § 2241 is his "sole remedy" to litigate a treaty violation. As legal support, he cites Sanchez-Llamas v. Oregon, 548 U.S. 331 (2006); Breard v. Greene, 523 U.S. 371 (1998); and Torres v. Mullins, 540 U.S. 1035 (2003).

The authority cited by petitioner undermines, more than it supports, his legal theory. None of these cases held that § 2241 is the sole means for a prisoner to raise the claim petitioner asserts. The cases were brought by inmates in state prisons who sought habeas corpus relief under 28 U.S.C. § 2254 [2] not § 2241. Moreover, the United States Supreme Court held that habeas claims similar to petitioner's asserting rights under the Vienna convention[3] are subject to the doctrine of procedural default and

---

[2] State prisoners are to challenge their state convictions and sentences under 28 U.S.C. § 2254, while federal prisoners are to use § 2255. "In parallel, § 2254(a) provides: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Williams v.Taylor, 529 U.S. 362, 375 FN7 (2000).

[3] Petitioner's claim that his plea is void and his conviction must be overturned because he was not informed of the Vienna Convention, is clearly a challenge to his criminal conviction; and he does not refute this finding. The court has expressed no opinion on the merits of petitioner's claims.

other limitations on federal habeas corpus petitions. Medellin v. Texas, 552 U.S. 491, 128 S.Ct. 1353 (2008); Sanchez-Llamas, 548 U.S. at 356, 360 (Vienna Convention claim procedurally defaulted when omitted on direct appeal from conviction in state court); Breard, 523 U.S. at 375 (The rule of procedural default applies to Vienna Convention claims raised in federal habeas corpus proceedings challenging state convictions.).

As this court noted in its prior Order, § 2255 petitions are subject to two significant statutory "gate-keeping" restrictions: a one-year statute of limitations, § 2255(f), and a ban on second and successive motions, § 2255(e), that are likely to impact petitioner's claim. A habeas petitioner may not avoid such restrictions by simply insisting that his claims proceed under § 2241.

In dismissing this § 2241 petition, this court followed the dictates of § 2255[4] and precedent plainly holding that § 2241 is not an alternative remedy[5]. It held only that a federal prisoner

---

[4] Section 2255(a) provides:

A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Id.

[5] Section 2255(e) provides:

An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his

3

who seeks to collaterally attack his conviction based on a violation of the Vienna Convention, as petitioner did in this case, must do so under 28 U.S.C. § 2255 rather than § 2241. In addition to the direct appeal procedures provided under 28 U.S.C. § 1291, Congress enacted the § 2255 motion to vacate for collateral attacks on the validity of a federal judgment of conviction or sentence. United States v. Hayman, 342 U.S. 205, 216 (1952); see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)("A 28 U.S.C. § 2255 petition attacks the legality of detention.")(citations omitted). The § 2241 petition is not the proper method for a federal prisoner to raise claims of an unlawful conviction or sentence. It has a distinct purpose from a § 2255 motion. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Generally, in this Circuit, a habeas petition under § 2241 is used to challenge the execution of a sentence rather than its validity. See McIntosh v. U.S. Parole Commission, 115 F.3d 809, 811-12 (10th Cir. 1997); Bradshaw, 86 F.3d at 166. It "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), cert. denied, 377 U.S. 980 (1964). The § 2255 remedy is inadequate or ineffective only in "extremely limited circumstances." Caravalho, 177 F.3d at 1178. Petitioner has made no attempt to show that the § 2255 remedy is inadequate or

---

detention.

Id.

4

ineffective for litigating claims regarding his conviction. The fact that Mr. Juarez-Lozano may be precluded from filing another § 2255 motion by the statute-of-limitations and successive-writ provisions of § 2255 does not establish that the § 2255 remedy is inadequate. Id. at 1178. It follows that petitioner's claim is simply not cognizable under 28 U.S.C. § 2241[6].

Petitioner previously filed a § 2255 petition, and thus is aware of this remedy[7]. He expressly and intentionally filed this action as a petition under § 2241(c)(3)[8]. Section 2255 is not simply a remedy for petitioner's challenges to his federal conviction, it is the "exclusive" remedy. Williams, 323 F.2d at 673 (The § 2255 motion to vacate is the exclusive remedy for testing the validity of a federal conviction or sentence unless it is inadequate or ineffective.); Caravalho, 177 F.3d at 1178; 28 U.S.C. § 2255. Petitioner makes no suggestion in his motion that this matter should have been construed as a motion under § 2255[9].

The court concludes petitioner has failed to allege facts

---

[6] It might be argued in some other Circuits that § 2241 is the general provision for habeas corpus relief, and § 2255 simply provides restrictions upon those habeas petitions filed by federal prisoners challenging their convictions or sentences. However, in this Circuit, the two statutes have been held to have distinct rather than overlapping purposes.

[7] Through the normal course of case assignment, this § 2241 petition happened to be assigned to the undersigned judge, who presided over petitioner's criminal trial in 1998. However, it could easily have been assigned to a different judge, who had not presided over his criminal proceedings.

[8] § 2241(c) pertinently provides: "The writ of habeas corpus shall not extend to a prisoner unless – . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Id.

[9] This action might have been construed as a successive § 2255 motion, but given restrictions on such recharacterizations, and the unlikelihood that petitioner would have acquiesced, this resolution was the most expeditious.

or make arguments that establish clear error or manifest injustice so as to require this court to alter or amend its judgment dismissing this action. The dismissal of this § 2241 petition was without prejudice, which means Mr. Juarez-Lozano is free to request permission from the Tenth Circuit to file a successive § 2255 motion.

**MOTION TO PROCEED WITHOUT FEES**

Petitioner has filed a Motion to Proceed Without Prepayment of Fees (Doc. 6), which the court assumes he intends as a one for appeal[10]. He was provisionally granted leave to proceed without prepayment of fees at the district court level. He has now filed the proper financial information to support his motion. The court finds, based on this current financial information, that his motion should be granted and he may proceed on appeal without prepayment of fees.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis on appeal (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that petitioner's motion to alter or amend judgment (Doc. 8) is denied.

**IT IS SO ORDERED.**

**DATED: This 6th day of November, 2009, at Topeka, Kansas.**

---

[10] On this motion, petitioner has written that he "gives this court permission to take" $5.00 out of his prison account. However, a petitioner seeking such leave is required to have money from his account sent to the court.

6

**s/RICHARD D. ROGERS**
**United States District Judge**